**Aleh ZHELIAZOUSKI, Petitioner,**

v.

**Alberto GONZALES, Attorney General of the United States, Respondent.**

No. 06–5006–ag.

United States Court of Appeals, Second Circuit.

June 1, 2007.

H. Raymond Fasano, New York, NY, for Petitioner.

Brian K. Delaney, United States Attorney; John F. Salan, Assistant United

States Attorney, Grand Rapids, MI, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. SONIA SOTOMAYOR and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Aleh Zheliazouski, a native and citizen of Belarus, seeks review of an October 13, 2006 order of the BIA denying his motion to reopen removal proceedings. *In re Aleh Zheliazouski*, No. A97 305 222 (B.I.A. Oct. 13, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for an abuse of discretion. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* The BIA may properly deny a motion when the movant fails to present material, previously unavailable evidence, or fails to establish prima facie eligibility for the relief sought. 8 C.F.R. § 1003.2(c)(1); *INS v. Abudu*, 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

Here, the BIA did not abuse its discretion in denying Zheliazouski's motion to reopen. First, since Zheliazouski did not move to reopen within ninety days of the final administrative decision, his motion to reopen to adjust status based on his marriage to a United States citizen is untimely. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 273 (2d Cir.2006). Second, Zheliazouski failed to present evidence of changed country conditions in Belarus that would warrant a reopening of his removal proceedings.

Zheliazouski relies on the 2005 Department of State Country Report and the 2005 International Religious Freedom Report to show changed conditions in Belarus. However, at most, the documents submitted establish a continued, and perhaps increased, level of mistreatment with regard to political activism, but not materially changed country conditions with respect to the mistreatment of Jews in Belarus. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii). In fact, Zheliazouski does not describe how the conditions for Jews in Belarus have changed since his initial application for relief; rather he relies on conclusory statements that the situation has deteriorated over time. The BIA did not contest that human rights violations occur in Belarus. Rather, it found that such treatment did not "constitute a material change" that would warrant a reopening of Zheliazouski's removal proceedings. *Cf. Poradisova v. Gonzales*, 420 F.3d 70, 82 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).